IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RAYMON I. DOBBINS,

        Petitioner,

v.                                                     Civil Action No. 2:09cv64
                                                     (Judge Maxwell)

K. DEBOO, Warden,

        Respondent.

## REPORT AND RECOMMENDATION

### I. Background

On May 28, 2009, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241.[1] In it, the petitioner asserts that the District Court improperly delegated authority to the Bureau of Prisons (BOP) to collect petitioner's restitution through the Inmate Financial Responsibility Program (IFRP). Additionally, the petitioner asserts that he was improperly placed on IFRP refusal status. As relief, the petitioner seeks a refund of the $755.00 that was collected through the IFRP. In addition, he asks that this court to "vacate and remand for re-sentencing." (Doc. 1-2, p. 4).

On May 29, 2009, the undersigned issued an Order for respondent to show cause why the writ should not be granted.[2] On June 29, 2009, respondent filed a Motion to Dismiss and Response to Show Cause Order, or in the Alternative, Motion for Summary Judgment and a Memorandum in

---

[1] Dkt. No. 1.

[2] Dkt. No. 4.

1

support thereof.[3] The respondent asserts that the sentencing court did not improperly delegate the payment of the petitioner's fine to the BOP. Respondent also asserts that this § 2241 claim is not the proper vehicle for petitioner to seek to vacate and remand his sentencing order.

On June 30, 2009, the undersigned issued a Roseboro Notice.[4] Petitioner then filed a response on July 29, 2009.[5] The matter is now ripe for a Report and Recommendation.

## II. Conviction and Sentence

The petitioner was convicted under Title 18, United States Code, Section 2113 (a) and (d) of Armed Bank Robbery and sentenced to a term of 262 months imprisonment. In addition, the petitioner was ordered to pay restitution in the amount of $5,188.47 to the First Merit Citizens National Bank in Akron. The petitioner was ordered to pay in installments according to the following schedule: "[p]ayments are due during imprisonment, payable through the Bureau of Prisons Inmate Financial Responsibility Program. Upon release the [petitioner] will continue payments towards any portion of restitution still owned." (Doc. 8-2, p. 5).

## III. Claims of the Petition

The petitioner alleges, in effect, that the sentencing court improperly delegated authority to the BOP to schedule his payments towards restitution. The petitioner also claims that payments are to be made directly to the Clerk of Court for payment to the First Merit CitiBank in Akron, Ohio. He also complains that BOP has placed him on IFRP refusal status which has limited him from luxuries provided to inmates not on refusal status.

---

[3] Dkt. Nos. 7 and 8.

[4] Dkt. No. 9.

[5] Dkt. No. 11.

**IV. Respondent's Contentions**

In response to the Order to Show Cause, the Respondent contends that this case should be dismissed because, to the extent the petitioner requests that this court vacate and remand his judgment and commitment order, he must proceed under 28 U.S.C.. § 2255. The respondent also contends that even if the petitioner can proceed under § 2241, the District Court did not improperly delegate its core judicial function. Finally, the respondent contends that the petitioner is seeking reimbursement from the wrong agency.

**V. Standard of Review**

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief."

Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

4

judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).

## VI. Analysis

### A. Section 2255 vs. Section 2241

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to section 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Accordingly, because the petitioner is requesting that his sentence be vacated and remanded, the respondent argues that the petitioner should have filed a § 2255 petition with the sentencing court

instead of the instant § 2241 petition.

However, a fair reading of the petitioner's *pro se* pleading indicates that he is not challenging his term of imprisonment, but rather, only the Court's order regarding restitution. A majority of circuits hold that a federal prisoner cannot challenge the restitution portion of his sentence using 28 U.S.C. § 2255, because this statute affords relief only to prisoners claiming a right to be released from custody. See United States v. Berhard, 351 F.3d 360, 361 (8th Cir. 2003); (summarizing cases), Furthermore, as noted previously, a writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his sentence is being executed. Because the petitioner is challenging the IFRP payment schedule for the restitution that he was ordered to pay, his petition concerns the execution of his sentence and is therefore correctly framed as a habeas claim brought pursuant to § 2241. See Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002); United States v. Childs, 126 F. Appx. 96 (4th Cir. 2005) (Unpublished)(challenge to implementation of criminal fines does not seek release from custody, thus arise under § 2241 not 28 U.S.C. § 2255).

## B.  **Terms of Restitution Order**

A district court may not delegate its authority to set the amount and timing of restitution to the BOP or a probation officer, without retaining ultimate authority over such decisions. United States v. Miller, 77 F.3d 71, 77-78 (4th Cir. 1996). "[T]he statutory duty imposed upon district courts to fix the terms of a fine must be read as exclusive because the imposition of a sentence, including the terms of probation or supervised release, is a core judicial function." Id. at 78; see also 18 U.S.C. § 3572(d).

In his response to the show cause order, the respondent argues that "in that the District Court

6

in this cases [sic] did not set a payment schedule, it is clear that the restitution is due immediately,"[6] and therefore, Miller does not apply. The respondent then cites Wilson v. DeBoo, No. 3:07cv164, 2009 WL 910977 *3 (N.D. W.Va. April 2, 2009) (Miller is inapplicable when a sentencing court does not specify the term of payment or allow payments in installments) and United States v. Johnson, 48 F.3d 806, 808 (4th Cir. 1995) ("if the court does not specify the term of payments or allow payments in installments, the restitution is payable immediately"). However, the undersigned notes that the Judgement entered by the sentencing court specifically provides for restitution to be paid "in installments according to the following schedule of payments...." (Doc. 8-2, p. 5). Therefore, the undersigned believes that the court cannot rely on the respondent's argument to deny the petition. However, for the reasons set forth below, the undersigned believes that the petition should be denied.

First, even if the restitution order entered by the sentencing court violated the prohibition set forth in Miller, supra, that decision was decided in the context of a direct appeal. Here, the petitioner did not challenge the district court's restitution order via a direct appeal.[7] In a collateral attack, for an alleged error of law to merit relief, it must be shown that the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice. See United States v. Addinizio, 442 U.S. 178, (1979). Clearly, an order that petitioner pay his restitution while incarcerated through the IFRP falls far short of a complete miscarriage of justice.

Furthermore, recognizing that the petitioner was sentenced by a district court within the Sixth

---

[6]Doc. 8, p.6.

[7]See Case 5:95-cr-00293-KMO (Doc. 166). The petitioner appealed his conviction but not his sentence. Furthermore, his appeal was untimely, and accordingly, was dismissed for lack of jurisdiction. See United States Court of Appeals for Sixth Circuit Docket # 02-3062.

Circuit Court of Appeals, it would appear appropriate to apply appellate law from that circuit. In Weinberger v. United States, 268 F.3d 346, 361 (6th Cir. 2001), the Sixth Circuit held that a district court may adopt and incorporate into a sentence terms and conditions of the IFRP as established by the BOP and as binding on the prison officials who carry them out. Additionally, the Sixth Circuit has implicitly upheld the constitutionality of the IFRP program in at least one other case. See United States v. Callan, 96 Fed.Appx. 299, 301 (6th Cir. 2004)(noting "the complete absence of any constitutional, statutory or decisional authority for the proposition that a federal district court has the subject [-]matter jurisdiction to micro[-]manage the IFRP for the Bureau of Prisons" and further noting that the authority that exists supports the IFRP against general, and due process, challenges).

Furthermore, at least one district court recently found that the "holding in Miller does not stand for the proposition that a prisoner's participation in the BOP's IFRP program is an abdication of the court's 'core judicial function.' See White v. Eichenlaub, 2008 WL 4427938 (E.D.Mich.). In White, the federal court imposed a two thousand five hundred dollar fine and a two hundred dollar special assessment. The judgment stated "[t]he court considers the [Petitioner's] participation in the Federal Bureau of Prisons Inmate Financial Responsibility Program a necessary part of the repayment of the court- imposed financial obligations." Although the Court specified that the petitioner pay fifty dollars towards the balance of the fine during the period of supervised release, it did not specify any payment schedule during the period of incarceration. The petitioner eventually filed a §2241 petition arguing that, because the sentencing court did not set a specific schedule for collecting the fine during his incarceration, the BOP was prohibited from setting a payment schedule. The petitioner in White, like the petitioner herein, relied on the Fourth Circuit decision in Miller, supra. However, the district court concluded that the holding in Miller does not stand for

the proposition that a prisoner's participation in the BOP's IFRP program is an abdication of the court's "core judicial function." Rather, the court concluded that allowing the prisoner to participate in the IFRP is not an abdication of the sentencing court's "core judicial function;' the IFRP simply allows the prisoner to satisfy payment through a BOP program. Accordingly, the undersigned concludes that the order entered by the United States District Court for the Northern District of Ohio did not violate the Miller mandate.

C. **Petitioner's Request for Reimbursement**

The petitioner requests that he be refunded all monies collected through the IFRP. However, the reimbursement of restitution payments are simply not available to petitioners filing under § 2241. "In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy." Preiser v. Rodriquez, 411 U.S. 475, 494 (1973).[8] Furthermore, as noted by the respondent, reimbursement is impossible. Altough the IFRP is a means for the BOP to collect criminal monetary penalties imposed by the judiciary, the BOP does not keep the funds collected. Instead, the funds are delivered the District Court Clerk. Therefore, the BOP no longer has the funds collected from the petitioner through the IFRP.

VII. **Recommendation**

For the foregoing reasons, the undersigned recommends the respondent's Motion to Dismiss or, in the alternative, Motion for Summary Judgment (Doc. 7) should be **GRANTED** and the petitioner's § 2241 petition be **DENIED** and **DISMISSED with prejudice**.

Within ten (10) days after being served with a copy of this Report and Recommendation, any

---

[8]See also Harris v. United States, 2007 WL 2897941 at FN. 2 (N.D. W.Va. Oct. 2, 2007)(unpublished).

party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: September 29, 2009

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE